UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00100-DJH
CRIMINAL ACTION NO. 3:19-CR-00181-DJH-HBB-1

**DANEL TAWAN MATHIS, JR.**                                          **MOVANT/DEFENDANT**

VS.

**UNITED STATES OF AMERICA**                                         **RESPONDENT/PLAINTIFF**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss conviction/sentence, filed by Movant/Defendant Danel Tawan Mathis, Jr., who is proceeding *pro se* (DN 111). Essentially, his motion seeks a default judgment against Respondent/Plaintiff, the United States of America, on the grounds it did not timely respond to his § 2255 motion. Additionally, Mathis filed a second amended motion to vacate (DN 108) without first obtaining leave of court as required by Fed. R. Civ. P. 15(a)(2).

For the following reasons, Mathis' motion to dismiss conviction/sentence is **DENIED AS MOOT**. Additionally, leave of Court is **GRANTED** as to Mathis' second amended motion to vacate (DN 108). A schedule is set forth below for the United States to file a response and Mathis to file a reply

### PROCEDURAL HISTORY

On February 16, 2022, Mathis filed a motion to vacate under 28 U.S. § 2255 (DN 98). The motion was not filed on the Court-supplied form as required by the Court's Local Rules (DN 100) (citing LR 5.3(a)(2)). Therefore, the District Judge issued an Order directing Mathis to file his § 2255 motion on the Court's approved form within 30 days from entry of the Order (Id.).

On April 5, 2022, Mathis timely filed his amended § 2255 motion on the Court's approved form (DN 101). After completing an initial review of the § 2255 motion and amended motion, the District Judge directed the United States to file its answer within 30 days from entry of the Scheduling Order (DN 102). The Scheduling Order also indicated that Mathis may file a memorandum in reply within 30 days from service of the United States' answer (Id.).

On May 18, 2022, the United States moved for an extension of time to respond to the § 2255 motion and amended motion (DN 106). The undersigned issued a Scheduling Order granting the motion and directed the United States to file its response "**by no later than July 6, 2022**" (DN 107). The Scheduling Order also indicated that Mathis "may file a reply by **no later than August 10, 2022**" (Id.).

On July 5, 2022, the United States filed its response to the § 2255 motion and amended motion (DN 109). However, Mathis apparently did not receive a copy because, on August 24, 2022, he filed this motion for default judgment (DN 111). The time for the United States to respond to the motion for default judgment has expired.

Meanwhile, Mathis filed a second amended § 2255 motion on May 25, 2022 (DN 108). But Mathis failed to obtain leave of Court, as required by Fed. R. Civ. P. 15(a)(2), before filing his second amended § 2255 motion. Perhaps as a result of Mathis' omission, briefing has not proceeded.

DISCUSSION

1.   Default Judgment

Default judgments are ordinarily unavailable in the 2255 context. See Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970); Koelblin v. United States, Nos. 1:15-CR-0011, 1:16-CV-1996, 2016

U.S. Dist. LEXIS 165910, at *4 (N.D. Ohio Dec. 1, 2016); United States v. Scantland, Nos. 2:04-CR-80773, 2:08-CV-13097, 2010 U.S. Dist. LEXIS 142913, at *12-14 (E.D. Mich. Dec. 7, 2010); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases"). Even where the United States has failed to respond, the Court should nonetheless proceed to the merits of the petition. Turner v. United States, Nos. 2:12-cv-02266-SHM-dkv, 2:08-cr-20302-SHM, 2015 U.S. Dist. LEXIS 190572, at *4 (W.D. Tenn. June 8, 2015); *see also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").

More importantly, the United States filed a response to Mathis' § 2255 motion and amended motion on July 5, 2022 (DN 109). This means the United States filed its response one day before the date-certain specified by the Scheduling Order (DN 107). The United States' response (DN 109) also pre-dates Mathis's motion for default judgment (DN 111). Therefore, Mathis' motion for default judgment is **DENIED AS MOOT**.

Additionally, Mathis' motion for default judgment (DN 111) suggests he may not have received a copy of the United States' response (DN 109). For this reason, the Clerk of the Court will be directed to mail a copy to Mathis. And Mathis will be provided an opportunity to file a reply to the United States' response.

2.   Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a petition for writ of habeas corpus, under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2242 (an application

for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Hodges v. Rose, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpuses governed by 'the rules of procedure applicable to civil actions.'") (quoting 28 U.S.C. § 2242).   Rule 15(a)(2) applies to Mathis' motion.

Rule 15(a)(2) clearly mandates that the Court should freely grant leave to amend when justice so requires.   See Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995).   In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."   Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)).

As a matter of expediency and in recognition that Mathis is proceeding *pro se*, the undersigned will construe his second amended § 2255 motion (DN 108) as also moving for leave to amend pursuant to Rule 15(a)(2).   After considering the above-mentioned factors, the undersigned concludes that justice so requires granting Mathis leave to amend.

## **ORDER**

**IT IS HEREBY ORDERED** that Mathis' motion to dismiss conviction/sentence (DN 111) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court will mail to Mathis a copy of the United States' response (DN 109).

**IT IS FURTHER ORDERED** that **by no later than November 25, 2022**, Mathis may file a reply to the United States' response (DN 109).

**IT IS FURTHER ORDERED** that leave to file the second amended § 2255 motion (DN 108) is **GRANTED**.

**IT IS FURTHER ORDERED** that **by no later than December 5, 2022**, the United States shall file a response to the second amended § 2255 motion (DN 108).

**IT IS FURTHER ORDERED** that **by no later than January 6, 2023**, Mathis may file a reply to the United States' response.

October 21, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:	Danel Tawan Mathis, Jr. *pro se*
	Counsel of Record